UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ANTHONY HOLLEY,<br>Petitioner,<br>v.<br>BOARD OF PRISON HEARINGS,<br>Respondent. | Case No. 18-cv-07111-RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner seeks federal habeas relief from the state's March 2018 denial of parole. Because he has not stated any claim for relief, the habeas petition is DISMISSED.

## BACKGROUND

Petitioner was convicted in 1976 in state court of murder and other crimes that were committed in San Bernardino County. (Pet., Dkt. No. 1 at 1-2, 109.) A sentence of seven years to life was imposed. (*Id.* at 1.) In March 2018, a parole hearing was held at San Quentin State Prison, at which he was found unsuitable for release. (*Id.* at 121-186.)

It is not clear whether petitioner exhausted his state court remedies prior to filing the current suit. The petition indicates that he filed state court challenges to a 2016 parole denial, but there is no indication that he filed state challenges to the 2018 parole denial. (*Id.* at 48-52.)

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only claiming he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**DISCUSSION**

As grounds for federal habeas relief, petitioner claims the Board violated his rights under the Due Process Clause, the Eighth Amendment, The Bill of Attainder Clause, the Ex Post Facto Clause, and state law when it found him unsuitable for parole.[1] None of these claims entitle him to relief.

**i. Due Process**

Petitioner alleges the parole denial violated his right to due process. (Pet., Dkt. No. 1 *passim*.) In the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" why parole was denied. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). "The Constitution does not require more." *Id.* at 862 (quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). The Constitution does

---

[1] Petitioner mentions "equal protection" but the Court cannot discern any fact or legal contention that separates his putative "equal protection" claim from the other claims in the petition. (Pet., Dkt. No. 1 at 9 *passim*.) To the extent he raises such a claim, it is DENIED. Nothing in the record indicates that he is being treated differently than other similarly-situated persons. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

not even require an inquiry into whether California's procedures produced the result the evidence required. *Id.*

In the instant matter, the transcript of the 2018 hearing shows that petitioner received at least the required amount of process. He had a hearing; was afforded an opportunity to be heard; and was provided a statement of reasons parole was denied. (Pet., Dkt. No. 1 at 121-186.) Accordingly, the due process claim is DISMISSED.

## ii. **Eighth Amendment**

Petitioner claims his sentence, as extended by parole denials, is excessive under the Eighth Amendment. (Pet., Dkt. No. 1 *passim*.) Because the Eighth Amendment does not bar a life sentence for less serious crimes than the murder of which petitioner was convicted, *see Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction), it is clear that there is no Eighth Amendment violation based on parole denials that result in petitioner remaining incarcerated for life.

In fact, there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. But, if a state has a parole statute, that law may create a due process liberty interest in release on parole. *Id.* at 11-12.

Because this liberty interest arises under due process, petitioner's Eighth Amendment claim is not an appropriate claim to raise in the parole denial context. An Eighth Amendment claim is, properly speaking, a challenge to the legality and duration of his original sentence, a challenge that should have been brought decades ago. The 2018 parole denial, while lengthening his physical term of confinement, does not change petitioner's original sentence. The Eighth Amendment claim is DISMISSED.

## iii. **Bill of Attainder**

Petitioner claims in a conclusory fashion that when the state legislature changed "shall set a release date" to "may set a release date" in one of the parole laws, it created a

"bill of attainder," thereby violating his constitutional rights.[2] (Pet., Dkt. No. 1 at 27.) A law is an unconstitutional bill of attainder if it "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *United States v. Lujan*, 504 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)).

Here, the law did not determine guilt or inflict punishment on an identifiable individual, and certainly not on petitioner. Nor did the parole board. Those matters were determined at his state court trial. The Bill of Attainder Clause is inapplicable.

Also, there is no factual basis to this claim. The statute currently uses "shall," not "may." Cal. Penal Code § 3041(b)(1).

Furthermore, the claim is conclusory. Rather than posing general allegations, a federal habeas petition "is expected to state facts that point to a real possibility of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks and citation omitted). Conclusory allegations are not sufficient. This claim is DISMISSED.

### iv. Ex Post Facto

Petitioner claims in a conclusory fashion that the alterations to Cal. Penal Code § 3041.5(b)(4) (changing "shall" to "may") violated the Ex Post Facto Clause, the parole statutes having been amended after he was sentenced. (Pet., Dkt. No. 1 at 26.) As noted above, he cites § 3041.5(b)(4), but § 3041(b) is the better fit. Because the crucial word in § 3041(b) is still "shall" and not "may" petitioner's claim is without a factual basis.

Even if the language had been altered, the claim would still be invalid. A release date is not set until a prisoner is found suitable for parole. *In re Dannenberg*, 34 Cal. 4th

---

[2] It is not clear which statute is at issue. Petitioner states it is Cal. Penal Code § 3041.5(b)(4), but that statute relates to advancing the date of a parole hearing, not to whether parole should be granted or denied. Section 3041(b)(1) is more likely the one he means, its language matching that which petitioner quotes in his petition. (Pet., Dkt. No. 1 at 27.)

1061, 1070-71, 1096 (2005). Because petitioner was not found suitable for parole, he had no right to, or a legitimate liberty interest in, a release date. Any ex post facto claim on such facts is premature.

Furthermore, the claim is conclusory. Rather than posing general allegations, a federal habeas petition "is expected to state facts that point to a real possibility of constitutional error." *Felix*, 545 U.S. at 655. Conclusory allegations are not sufficient. This claim is DISMISSED.

### v. State Law

Petitioner claims that the Board's decision did not comply with state law. (Pet., Dkt. No. 1 *passim*.) This claim is unavailing. Violations of state law are not remediable on federal habeas review, even if state law were erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011). This claim is DISMISSED.

## CONCLUSION

The petition is DISMISSED. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of respondent, and close the file. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 2.)

**IT IS SO ORDERED.**

**Dated:** December 11, 2018

_____
RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
Case No. 18-cv-07111-RS
5